IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID HARRELL, individually and on behalf of all others similarly situated,** § § § | | Civil Action No. **3:24-cv-01158-L** |
| Plaintiffs, § § | | |
| § | | Consolidated with Civil Action Nos. |
| **v.** § | | 3:24-cv-01160; 3:24-cv-01164; |
| § | | 3:24-cv-01172; 3:24-cv-01174; |
| **WEBTPA EMPLOYER SERVICES, LLC,** § | | 3:24-cv-01179; 3:24-cv-01180; |
| § | | 3:24-cv-01206; 3:24-cv-01210; |
| Defendant. § | | 3:24-cv-01236; 3:24-cv-01242; |
| § | | 3:24-cv-01235; 3-24-cv-01264; |
| § | | 3:24-cv-01322; and 3:24-cv-01343. |

# ORDER

Before the court is Plaintiffs' Motion to Consolidate Actions, Appoint Interim Class Counsel, and to Set Schedule ("Motion") (Doc. 9), filed May 30, 2024 which is unopposed. Now that all of the related cases have been transferred to the undersigned judge, the court having considered the Motion, report, and applicable law, **grants** the Motion to the extent herein stated.

1. Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42.1, the court **consolidates** the above-styled cases.* Accordingly, the following civil actions are hereby **closed** and **consolidated** under Civil Action No. **3:24-cv-01158-L**, styled *David Harrell,*

---

*Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Having considered the pleadings in both actions, the court determines that common questions of law and fact are present. Moreover, maintaining multiple separate actions that arise from the same events and present overlapping legal issues is unduly burdensome and an inefficient use of judicial resources.

Order – Page 1

*individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*:

a. Civil Action No. 3:24-cv-1160-L, styled *Belinda Gullette and Lawrence Burgerv, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

b. Civil Action No. 3:24-cv-1164-L, styled *Heavenle Wood, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

c. Civil Action No. 3:24-cv-1162-L, styled *Jesus Rivera, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

d. Civil Action No. 3:24-cv-1174-L, styled *Ronnye Hawkins, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

e. Civil Action No. 3:24-cv-1179-L, styled *Cory France, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

f. Civil Action No. 3:24-cv-1180-L, styled *Sofia Berseneva, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

g. Civil Action No. 3:24-cv-1206-L, styled *Aaron Radney, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

h. Civil Action No. 3:24-cv-1210-L, styled *Connor L. Mancone and Alexandria Mancone, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

i. Civil Action No. 3:24-cv-1235-L, styled *Conrad Heller, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC and The Hartford Financial Services Group*;

j. Civil Action No. 3:24-cv-1236-L, styled *Kenneth Reasgan, Chanelle Zimmerman, and Tamikia Reed, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

k. Civil Action No. 3:24-cv-1242-L, styled *Jessica Marcantel, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

l. Civil Action No. 3:24-cv-1264-L, styled *Grzegorz Bielak, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

m. Civil Action No. 3:24-cv-1322-L, styled *Tracy Bertocchini, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

    n. Civil Action No. 3:24-cv-1343-L, styled *Brandon Strong, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*;

Henceforth, all pleadings filed in this action shall be filed under 3:24-cv-01158-L, styled *David Harrell, individually and on behalf of all others similarly situated v. WebTPA Employer Services, LLC*, and shall bear the legend "Consolidated with Civil Action Nos. 3:24-cv-01160; 3:24-cv-01164; 3:24-cv-01172; 3:24-cv-01174; 3:24-cv-01179; 3:24-cv-01180; 3:24-cv-01206; 3:24-cv-01210; 3:24-cv-01236; 3:24-cv-01242; 3:24-cv-01235; 3-24-cv-01264; 3:24-cv-01322; and 3:24-cv-01343." The clerk of the court is **directed** to docket this order under all of the cases herein referenced.

2. Pursuant to Fed. R. Civ. P. 23(g), the court **appoints** Interim Class Counsel as follows: Jeff Ostrow and Gary Klinger as Interim Co-Lead Counsel; Joe Kendall as Texas Local Counsel; and Bruce Steckler, Andrew Shamis, Raina Borrelli, Gerard Stranch, Joe Lyons, William B. Federman, Gary Lynch, James Pizzirusso, Jillian Dent, Kevin Laukaitis, and Courtney Maccarone as members of Plaintiffs' Interim Executive Committee

3. The court **designates** Interim Co-Lead Counsel to act on behalf of the putative class before the action is certified as a class action, and they shall serve as lead counsel with responsibility for managing the distribution of work among all Plaintiffs' counsel and overseeing compliance with the duties and responsibilities herein set forth. The duties and responsibilities of Interim Co-Lead Counsel are as follows:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

  c. Convene meetings among counsel;

  d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

  e. Delegate specific tasks to the Plaintiffs' Steering Committee in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

  f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

  g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

  h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this court;

  i. Serve as the primary contact for communications between the court and other Plaintiffs' counsel;

  j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel *via* the court's electronic filing system);

  k. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

  l. Make available to other Plaintiffs' counsel documents produced by the Defendants; and

  m. Allocate attorney's fees.

4. Any other Plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Counsel, and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Counsel.

5. Interim Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the court

**Order – Page 4**

on behalf of any Plaintiff unless that authority is expressly delegated by the court or Interim Co-Lead Counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

6. The court **orders** Plaintiffs in the Consolidated Action to file a Consolidated Complaint within 45 days of the date of this order. Defendant shall file a responsive pleading 45 days after the filing of the Consolidated Complaint.

7. The court further **orders** Plaintiffs to move for class certification within 75 days of the date of this order. *See* N.D. Tex. Local Civ. R. 23.2 ("Within 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification."). **No extensions will be granted unless the party in question requests leave of court and good cause exists for the late filing.**

8. After Plaintiffs move for class certification, no further actions related to this Consolidated Action filed or removed to this district will be transferred to this court or consolidated with the Consolidated Action. If additional plaintiffs seek to join the Consolidated Action after the motion for class certification is filed, they must file a motion to join it and show good cause why they were unable to join the action before the date the motion for classification was filed.

**It is so ordered** this 14th day of June, 2024.

Sam A. Lindsay
United States District Judge

Order – Page 5